**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TINA M. PARENTE, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:19-cv-04138 |
| FAY SERVICING, LLC | JURY TRIAL DEMANDED |
| Defendant. | |

**FIRST AMENDED COMPLAINT**

NOW COMES the Plaintiff, TINA M. PARENTE ("Plaintiff"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, FAY SERVICING, LLC ("Fay"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. 1692 *et seq.,* the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Bankruptcy Discharge Injunction pursuant to 11 U.S.C. §524.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331, 1334, and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Fay conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claim occurred within the Northern District of Illinois.

1

**PARTIES**

4.   Plaintiff is a natural person, over 18-years-of-age, who formerly owned real property located at 5852 West 76th Street, Burbank, Illinois 60459 ("subject property") and remains a resident of the Northern District of Illinois.

5.   Fay provides mortgage services in the United States. It focuses on originating retail residential mortgages. Defendant is a Delaware corporation with its principal place of business located at 425 South Financial Place, Suite 200, Chicago, Illinois 60605. Defendant's registered agent is Registered Agent Solutions, Inc. located at 901 South 2nd Street, Suite 201, Springfield, Illinois 62704. Defendant's primary business is the collection of debts owed to others and servicing loans across the country, including the State of Illinois.

6.   Fay is a "debt collector" as defined by 15 U.S.C. § 1692a(6)

7.   Fay qualifies as a "debt collector" because the principal purpose of its business is to collect debts, and because it regularly collects or attempts to collect defaulted debts owed to another party.

**FACTS SUPPORTING CAUSE OF ACTION**

**Plaintiff's Chapter 7 Bankruptcy**

8.   In June 2005, Plaintiff executed a mortgage in favor of U.S. Bank Home Mortgage ("U.S. Bank"), incurring debt ("subject debt" or "subject loan") as a result.

9.   The mortgage secured the purchase of Plaintiff's personal residence located at 5852 West 76th Street, Burbank, Illinois 60459 ("subject property").

10. The mortgage further secured the repayment of the subject loan.

11. In January 2016, Plaintiff defaulted on the subject loan.

12. On March 31, 2017, Plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

13. Listed on Schedule D of Plaintiff's bankruptcy petition was the subject loan, a secured pre-petition debt owed to U.S. Bank, in the amount of $319,083.

14. Plaintiff's intention was to surrender the subject property in full satisfaction of the subject loan as indicated in Schedule D of Plaintiff's bankruptcy petition.

15. Upon the filing of Plaintiff's bankruptcy petition and by virtue of listing U.S. Bank as a creditor, the Bankruptcy Noticing Center ("BNC") served U.S. Bank with notice of Plaintiff's bankruptcy filing.

16. On September 13, 2017, the Bankruptcy Court entered an Order of Discharge for the benefit of Plaintiff discharging all debts, including the subject loan.

17. The BNC served U.S. Bank with notice of the discharge of Plaintiff's bankruptcy.

18. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction, prohibiting any acts to collect upon the subject debt by U.S. Bank or any other party.

19. Upon entry of the Order of Discharge, Plaintiff was released from personal liability on indebtedness owed on the subject loan.

20. On September 18, 2017, Plaintiff's bankruptcy case closed and the Trustee was discharged.

21. Plaintiff's personal liability on the subject loan was extinguished via her bankruptcy discharge, thus terminating the business relationship with U.S. Bank and any of its successors and assigns.

22. Subsequent to Plaintiff's bankruptcy discharge, Fay acquired the servicing rights to the subject loan.[1]

23. Upon information and belief, US Bank, through its policies and procedures, informed Fay that the subject debt was discharged in Bankruptcy when fay acquired the subject debt.

24. Fay knew that the subject debt was discharged in Plaintiff's bankruptcy on September 13, 2017. [2]

## Fay's Collection Efforts after Plaintiff's Bankruptcy Discharge

25. After Plaintiff's bankruptcy was discharged, Fay initiated an unlawful collection campaign against Plaintiff, attempting to collect the discharged subject loan from Plaintiff personally.

26. In March 2019, Plaintiff received a dunning letter from Fay dated March 11, 2019 listing an amount due of $64,571.30 and a payment due date of April 1, 2019.

27. In April 2019, Plaintiff received a dunning letter from Fay dated April 10, 2019 listing an amount due of $67,809.46 and a payment due date of May 1, 2019.

28. Fay's dunning letters also included a detachable payment coupon instructing Plaintiff to return to Fay with payment towards the subject loan.

29. Plaintiff received other similar dunning letters from Fay demanding immediate payment towards the subject loan.

30. Notwithstanding the fact that the subject loan was discharged by virtue of Plaintiff's bankruptcy discharge, Fay also harassed Plaintiff by calling her cellular phone, attempting to collect the subject loan.

---

[1] Pursuant to Plaintiff's bankruptcy and subsequent Discharge Order, no payments were to be made to U.S. Bank or any of its successors and assigns, including Fay. Furthermore, Plaintiff's bankruptcy indicated Plaintiff's intention to surrender the subject property to U.S. Bank in full satisfaction of its claims.

[2] Plaintiff's bankruptcy is easily accessible as it is public record. Upon information and belief, Fay's loan boarding documents will reveal that Fay had actual knowledge of Plaintiff's Chapter 7 bankruptcy filing and subsequent discharge.

31. Moreover, between December 2018 and the present day, Fay placed numerous phone calls to Plaintiff's cellular phone ending in 9193.

32. Plaintiff revoked consent to be contacted on her cellular phone.

33. Furthermore, Fay did not have consent to contact Plaintiff on her cellular phone by virtue of the bankruptcy filing and subsequent discharge of the subject debt.

34. In the calls that Plaintiff did answer, there would be an approximate 3 second pause between the time he said "hello," and the time that a live agent introduced them self as a representative from Fay attempting to collect on the subject debt.

35. Upon information, belief, and in light of the frequency of the calls, Fay utilized an ATDS, as defined by 47 U.S.C. §227(a)(1), to place the unwanted calls to Plaintiff's cellular phone.

36. The telephone number ending in 9193 that Fay called was assigned to cellular services for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

37. The calls Fay placed to Plaintiff's cellular phone were not placed for emergency purposes pursuant to 47 U.S.C. §227(b)(1)(A)(i).

**DAMAGES**

38. Concerned about the violations of her rights and protections, Plaintiff sought the assistance of counsel to ensure that Fay's collection efforts cease.

39. Plaintiff has suffered and continues to suffer from emotional distress, mental anguish, and anxiety as a direct result of Fay's unlawful collection practices.

40. Fay's harassing collection practices have severely disrupted Plaintiff's daily life and general well-being.

41. Fay's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, physical harm, invasion of privacy, aggravation that

accompanies unsolicited telephone calls, emotional distress, mental anguish, increased risk of personal injury due to the distraction caused by the phone calls, diminished value and utility of her telephone equipment and telephone subscription services, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

42. Moreover, Plaintiff was deceived into believing that her bankruptcy filing had no legal effect and that she would have to pay the subject debt in order to get Fay's collection activities to stop.

43. Fay's harassing phone calls and statements demanding payment have severely disrupted Plaintiff's daily life.

44. Plaintiff was unduly inconvenienced and harassed by Fay's unlawful attempts to collect a debt that was no longer owed by virtue of Plaintiff's bankruptcy discharge.

45. Plaintiff has been forced to retain counsel to end Fay's unlawful collection activities and has incurred expenses in the form of legal fees and costs.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

46. Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

48. The subject loan is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

49. Fay is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect defaulted consumer accounts allegedly owed to a third party.

50. Moreover, Fay is a "debt collector" because it acquired rights to the subject loan after it was in default. 15 U.S.C. §1692a(6).

51. Section 524(a)(2)-(3) of the Bankruptcy Code, commonly known as the "discharge injunction," prohibits "an act, to collect, recover or offset any such debt as a personal liability of the debtor," and "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor." 11 U.S.C. §§524(a)(2)-(3).

52. Fay violated 15 U.S.C. §§1692d(5), e, e(2), e(10), f, and f(1) through its debt collection efforts on a debt discharged in bankruptcy.

### a. Violations of FDCPA §1692d

53. The FDCPA §1692d(5) states that a debt collector may not cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Fay violated §1692d(5) by repeatedly calling Plaintiff's cellular phone, causing it to ring and engaging Plaintiff in multiple conversations. Moreover, Defendant continued placing the calls with knowledge that the subject debt was uncollectible by virtue of the discharge injunction. Knowing the debt was uncollectable, upon information and belief, Defendant placed these calls with the intent to annoy or harass Plaintiff into making a payment on the subject debt. Specifically, Fay caused Plaintiff's cellular phone to ring repeatedly in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Fay placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone using an automated telephone dialing system ("ATDS") without her consent.

### b. Violations of FDCPA §1692e

54. The FDCPA §1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Fay violated §1692e when it misleadingly represented it had the ability to collect on the subject debt, even though it had no ability to do so.

55. The FDCPA §1692e(2) states that a debt collector may not misrepresent the character amount, or legal status of the debt. Fay violated §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt by attempting to collect, through phone calls and billing statements, the subject loan from Plaintiff personally. The subject loan was not owed at the times Fay demanded payment because it was discharged in Plaintiff's bankruptcy. Fay's communications and attempts to collect on the subject loan misrepresented that Plaintiff still owed on the subject loan.

56. The FDCPA §1692e(10) prohibits any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Fay violated §1692e(10) when it falsely represented that the subject debt was collectible when it sent dunning notices to Plaintiff and called Plaintiff demanding a payment on the subject debt, as the subject debt was not owed by virtue of Plaintiff's bankruptcy discharge.

### c. Violations of FDCPA §1692f

57. The FDCPA §1692f states that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Fay violated §1692f by employing unfair and unconscionable means to collect the subject loan when it unfairly sent Plaintiff multiple dunning letters in an attempt to collect on a debt it knew Plaintiff did not owe.

58. The FDCPA §1692f(1) prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. The subject loan was discharged through Plaintiff's bankruptcy and not collectable. Therefore, all of Fay's calls and dunning letters attempting to collect on the subject loan were in violation of §1692f(1).

59. Fay attempted to harass and induce Plaintiff into paying a debt that was not legally collectible or owed.

60. As an experienced creditor and debt collector, Fay knew or should have known the ramifications of collecting on a debt that was discharged in bankruptcy.

61. Fay knew or should have known that Plaintiff's discharged debt was uncollectable and not owed as a matter of law.

62. Upon information and belief, Fay has no system in place to identify and cease collection of debts discharged in bankruptcy.

WHEREFORE, Plaintiff, TINA M. PARENTE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

d. awarding any other relief this Honorable Court deems just and appropriate.

### COUNT II -- VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

63. Plaintiff restates and realleges paragraphs 1 through 62 as though fully set forth herein.

64. Fay placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

65. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

66. Upon information and belief, based on Fay's lack of prompt human response during the calls in which Plaintiff answered, Fay used an ATDS to place calls to Plaintiff's cellular phone without her consent.

67. Upon information and belief, the ATDS employed by Fay transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone's receiver.

68. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

69. Fay violated the TCPA by placing numerous calls between December 2018 through the present day to Plaintiff's cellular phone, using an ATDS, and without her consent. Moreover, Plaintiff's bankruptcy discharge forbade Fay from engaging in collection activity against Plaintiff in connection with the subject debt.

70. As pled above, Plaintiff was severely harmed by Fay's collection calls to her cellular phone.

71. Upon information and belief, Fay has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

72. Upon information and belief, Fay knew its collection techniques were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

73. Fay, through its agents, representatives and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

74. Pursuant to 47 U.S.C. §227(b)(3)(B), Fay is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Fay's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff, TINA M. PARENTE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. awarding Plaintiff damages of at least $500 per phone call to be demonstrated at trial, for the underlying TCPA violations pursuant to 47 U.S.C. §227(b)(3)(B);

c. awarding Plaintiff treble damages pursuant to 47 U.S.C. §227(b)(3)(C); and

d. awarding any other relief this Honorable Court deems just and appropriate.

### COUNT III -- VIOLATIONS OF THE DISCHARGE INJUNCTION

75. Plaintiff restates and realleges paragraphs 1 through 74 as though fully set forth herein.

### a. Section 11 U.S.C. §524(a)(2)

76. Pursuant to 11 U.S.C. §524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

77. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." Cox v. Zale Delaware, Inc., 239 F.3d 910, 915 (7th Cir. 2001).

78. Punitive damages may be awarded for violations of the bankruptcy discharge, and are especially appropriate when a party acts in "clear disregard and disrespect of the bankruptcy laws." *In re Vazquez*, 221 B.R. 222, 231 (Bankr.N.D.Ill.1998). Punitive damages of four to ten times the amount of compensatory damages may be appropriate for willful violations of the bankruptcy injunction. *Id.*

79. Furthermore, "[c]orporations can be liable for punitive damages because of acts of their agents if the corporation authorized the doing and the manner of the act of its agent." *Id.* at 230.

**b. Placing calls to Plaintiff's cellular phone and sending dunning letters for collection of the discharged subject debt**

80. Notwithstanding having knowledge of the discharged status of the subject debt, Fay continued to place calls to Plaintiff's cellular phone demanding payment of the subject debt.

81. Furthermore, Fay continued to send dunning letters to Plaintiff demanding payment of the subject debt.

82. Fay placed numerous to Plaintiff's cellular phone and sent multiple dunning notices demanding payment of the subject debt, in direct violation of the discharge injunction.

**c. Fay's conduct was perpetual, willful, and wanton**

83. Fay had actual knowledge of the bankruptcy filing and discharge injunction.

84. Despite having actual knowledge of the discharge injunction, Fay committed multiple egregious violations of the discharge injunction by failing to cease collection efforts as evidenced by the harassing phone calls Fay placed to Plaintiff's cellular phone and the dunning letters Fay sent to Plaintiff..

85. Based on the broad language of the Bankruptcy Code, Fay willfully and perpetually sought to collect a debt from Plaintiff in violation of the discharge injunction, thus warranting sanctions and punitive damages to deter future conduct of a similar nature.

86.     Plaintiff is entitled to actual damages, attorney's fees, and costs for Fay's willful violations of the discharge injunction. Plaintiff is also entitled to punitive damages for Fay's arrogant defiance of the Bankruptcy Code and its provisions. The Court should award punitive damages to deter Fay from future misconduct.

WHEREFORE, Plaintiff TINA M. PARENTE requests that this Honorable Court:

a. Hold Fay in civil contempt of the Order or Discharge pursuant to 11 U.S.C. §§524 and 105;

b. Order Fay to pay Plaintiff for her actual damages as a result of the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§524 and 105;

c. Order Fay to pay punitive damages for the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§524 and 105;

d. Order Fay to pay Plaintiff her reasonable legal fees and expenses for violations of the Order of Discharge pursuant to 11 U.S.C.; §§524 and 105; and

e. Provide such other and further relief as the Court may deem just and proper.

**Plaintiff demands trial by jury.**

Dated: November 6, 2019                    Respectfully submitted,

s/ Marwan R. Daher                         s/Omar T. Sulaiman
Marwan R. Daher, Esq.                      Omar T. Sulaiman, Esq.
Counsel for Plaintiff                      Counsel for Plaintiff
Sulaiman Law Group, Ltd.                   Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200      2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148                    Lombard, Illinois 60148
(630) 575-8181 x109 (phone)                (630) 575-8181 x108 (phone)
(630) 575-8188 (fax)                       (630) 575-8188 (fax)
mdaher@sulaimanlaw.com                     osulaiman@sulaimanlaw.com


s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Counsel for Plaintiff
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x140 (phone)
(630) 575-8188 (fax)
ataylor@sulaimanlaw.com