**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TINA M. PARENTE,<br><br>    Plaintiff,<br><br>v.<br><br>FAY SERVICING, LLC,<br><br>    Defendant. | )<br>)<br>)<br>)  Case No. 19-cv-4138<br>)<br>)  Hon. Marvin E. Aspen<br>)<br>)<br>)<br>)<br>) |

## MOTION TO DISMISS FIRST AMENDED COMPLAINT

NOW COMES Defendant, Fay Servicing, LLC ("Fay"), by and through its counsel, Smith & Weik, LLC, and pursuant to Fed. R. Civ. P. 12(b)(6), moves this Court to dismiss Plaintiff, James C. Harrington's Complaint, and in support thereof, states as follows:

### BACKGROUND

On June 20, 2019, Plaintiff, through counsel, filed her Complaint against Fay. The Complaint asserts four counts against Fay. Count I alleges Fay violated various sections of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). Count II alleges Fay violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Count III alleges Fay violated Plaintiff's bankruptcy discharge injunction, pursuant to the United States Bankruptcy Code, 11 U.S.C. § 524(a)(2). Count IV alleges Fay violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*. ("ICFA").

Fay Moved to Dismiss Plaintiff's Complaint. Fay's motion asserted the District Court lacked jurisdiction to hear the bankruptcy discharge injunction violation and the ICFA claim because those claims should have been brought before the Bankruptcy Court. Fay also asserted the Complaint failed to state a claim upon which relief could be granted. Plaintiff then moved this Court to

1

Withdraw the Reference to the Bankruptcy Court. This motion was granted off call. Plaintiff then moved for leave to file an Amended Complaint. This motion was likewise granted off call. Thereafter, Plaintiff neither responded to Fay's motion to dismiss nor filed the amended complaint. On November 5, 2019, this Court entered an order giving Plaintiff until November 6, 2019, to either file the amended complaint or respond to Fay's Motion to Dismiss. Plaintiff filed the Amended Complaint on November 6, 2019.

The Amended Complaint asserts Fay violated the FDCPA, the TCPA, and the Bankruptcy Discharge Injunction. Plaintiff did not replead the Illinois Consumer Fraud Act claim or certain FDCPA violations. According to the allegations of the Amended Complaint, Plaintiff was the borrower of a mortgage loan against her residence in Burbank, IL, which was originated in 2005. The mortgage loan fell into default in January 2016. On March 31, 2017, Plaintiff filed a Ch. 7 bankruptcy petition, in the Northern District of Illinois. On September 13, 2017, the bankruptcy court granted Plaintiff an Order of Discharge. Fay acquired servicing rights for Plaintiff's mortgage loan after the discharge was granted.

The Amended Complaint further asserts Fay began sending Plaintiff mortgage statements and other correspondence which demanded payment and called Plaintiff on her cellular phone seeking to collect the debt. Plaintiff complains that as a result of this contact she suffers from emotional distress, mental anguish, increased risk of personal injury, diminished value of her cellular phone and subscription service, and electricity bills to charge her cellular telephone.

By this motion Fay seeks dismissal of certain claims for failure to state a claim upon which relief can be granted.

**AUTHORITY**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a

compliant must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported be mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

## ARGUMENT

### Rule 12(b)(1)

### The District Court Lacks Jurisdiction Over Plaintiff's Purported Discharge Violation Claim.

On October 11, 2019, this Court entered an order withdrawing the reference to the bankruptcy court. Pursuant to Fed. R. Civ. P. 10(c) Fay adopts by reference herein its lack of jurisdiction argument set forth in its Motion to Dismiss (Doc. # 14) in order to preserve the issue for appeal. Enforcing the discharge injunction is within the bankruptcy court's "core jurisdiction because it is enforcing this Court's confirmation order based on rights provided in the Code: the discharge in 11 U.S.C. § 727 and the discharge injunction in 11 U.S.C. § 524(a)(2)," and therefore, is a proceeding

"arising in" a case under title 11. *In re Conseco, Inc.*, 330 B.R. 673, 682 (Bankr. N.D. Ill. 2005) (citing *In re Kewanee Boiler Corp.*, 270 B.R. 912, 918 (Bankr. N.D. Ill. 2002) ("Proceedings to enforce the statutory injunction under § 524(a)(2) are core proceedings under 28 U.S.C. § 157(b)(2)(0)."). The discharge injunction violation claim should be heard by the bankruptcy judge who entered the discharge.

### Rule 12(b)(6)

### The Complaint Fails to Plead Factual Content, Which If Accepted as True, Would Allow the Court to Conclude That Fay Has Violated the FDCPA.

The Complaint asserts the following FDCPA violations: 1692d (abusive, harassing, and oppressive conduct by calling Plaintiff to collect a discharged debt; and calling Plaintiff's cellular telephone using an automatic telephone dialing system without Plaintiff's consent); 1692e (making false representations as the debt was not owed; about the character, amount, or legal status of the debt; and about the collectability of the debt); and 1692f (using unfair and unconscionable means to collect the debt by sending multiple letters and by seeking to collect a debt which was uncollectable as a matter of law).

Sections 1692d, 1692e, and §1692f: The Complaint asserts Fay violated the FDCPA by harassing Plaintiff and by using abusive and oppressive conduct by calling Plaintiff's cellular phone; making false representations about the debt; and employing unfair and unconscionable means to collect a debt, in violation of sections 1692d, 1692e and 1692f, respectively. To state a claim under the FDCPA, Plaintiff must allege that (1) Fay qualifies as a "debt collector" as defined in § 1692a(6), (2) the actions of which she complains were taken "in connection with the collection of any debt," and (3) the actions violated one of the FDCPA's substantive provisions. *Kabir v. Freedman Anselmo Lindberg LLC*, 14 C 1131, 2015 WL 4730053, at *2 (N.D. Ill. Aug. 10, 2015) (citing *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010)).

4

The FDCPA does not define the terms "harassment" or "unfair practices" but instead gives examples of each. The Seventh Circuit has stated that "as a matter of law, [a court] shall not entertain a plaintiff's bizarre, peculiar, or idiosyncratic interpretation" under the unsophisticated consumer standard. *McMillan v. Collection Prof'l Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Durkin v. Equifax Check Servs.*, Inc., 406 F.3d 410, 414–15 (7th Cir. 2005) ("[W]e disregard unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters.") (citing *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000), *Gammon v. GC Servs., L.P.*, 27 F.3d 1254, 1257 (7th Cir. 1994)).

When ruling on a motion to dismiss for failure to state a claim, the court accepts the Complaint's well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor. *Sprint Spectrum L.P. v City of Carmel, Indiana*, 361 F.3d 998, 1001 (7th Cir. 2004). The pleading must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claim rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." *Id*. This standard demands that a complaint allege more than legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Here, the Complaint does not set forth sufficient factual allegations showing Plaintiff is entitled to relief under the FDCPA. The Complaint asserts Fay made numerous phone calls to Plaintiff's cellular telephone and alleges Fay mailed Plaintiff two mortgage statements and similar letters. The Complaint does not identify how making telephone calls to Plaintiff's cellular telephone equates to harassment, unfair practices or unconscionable means to collect a debt. Nor does the

5

Complaint describe how the mortgage statements or other similar letters violate any section of the FDCPA. The two letters identified by Plaintiff in paragraphs 26 and 27 are attached hereto as Exhibit A and incorporated herein by reference.[1] The first page of the mortgage statements contain a clear and prominent "Bankruptcy Message" which informs Plaintiff that the statement is for informational and compliance purposes and is not an attempt to collect a debt. The second page of the mortgage statements, in bold print, inform Plaintiff that to the extent the obligation was discharged in bankruptcy the correspondence is for informational purposes only and not an attempt to impose personal liability. Thus, this claim is not facially plausible, as contrary to the averments in the Complaint, the correspondence cannot be construed as a dunning letter and the language in the correspondence does not violate any provision of the FDCPA.

In addressing correspondence with similar language to the letters by Fay complained of in paragraphs 26 and 27, Judge Gettleman ruled, "The only reasonable interpretation of the letter, even to an unsophisticated consumer, is that it was intended for informational purposes only, and not an attempt to collect a debt, when received by a person, like plaintiff, whose debt has been discharged in bankruptcy." *Cardona v. FCI Lender Services, Inc.*, 17 C 1278, 2017 WL 3531492, at *3 (N.D. Ill. Aug. 16, 2017).

Plaintiff's Complaint does not set forth sufficient factual allegations which establish Fay's conduct was unfair or harassing or from which this Court could infer an intent by Fay to harass or commit unfair practices. Thus, the FDCPA count is not well pleaded and must be dismissed.

---

[1] The mortgage statements are referenced in the Complaint but not attached to it. The mortgage statements can be properly considered because, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Venture Assoc. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993) (citing Fed. R. Civ. P. 10(c)).

6

**The Complaint Fails to Plead Sufficient Facts to Support The
Telephone Consumer Protection Act Claim.**

Plaintiff has not alleged facts sufficient to plausibly show Fay placed calls to Plaintiff using an Automatic Telephone Dialing System ("ATDS"). "The TCPA prohibits using an autodialer to make unconsented phone calls to numbers assigned to a cellular phone service. *See* 47 U.S.C. § 227 (b)(1)(A)(iii); *see also Pinkus v. Sirius XM Radio, Inc.*, 319 F. Supp. 3d 927, 929 (N.D. Ill. 2018) (Feinerman, J.). Autodialers are defined under the TCPA as 'equipment which has the capacity-(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.' 47 U.S.C. § 227(a)(1)." *Bader v. Navient Sols., LLC*, 18-CV-1367, 2019 WL 2491537, at *1 (N.D. Ill. June 14, 2019).

Paragraph 65 of the Complaint sets forth the definition of an ATDS, i.e. "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." Complaint, ¶ 65. Plaintiff alleges, upon information and belief, that based upon the lack of prompt human response that Fay used an ATDS. Complaint, ¶ 66. Plaintiff also alleges, on information and belief, that the system Fay used to place calls stored numbers to be called using a random or sequential number generator.

Plaintiff's recital of conclusions mirroring the elements of a TCPA claim is insufficient to state a claim for relief. *See Hanley v. Green Tree Servicing, LLC*, 934 F.Supp.2d 977, 982-83 (N.D. Ill. 2013) (Castillo, J.) (dismissing claim that defendant called plaintiff's cell phone "using an ATDS" because it "merely states what [plaintiff] understands the TCPA to proscribe"); *Schlotfeldt v. Wells Fargo Home Mortgage, Inc.*, 2016 WL 406341, at *5 (N.D. Ill. Feb. 3, 2016) (Gettleman, J.) (finding a "conclusory allegation regarding [defendant's] use of an ATDS" does not "plausibly suggest, above a speculative level, that [defendant] used an ATDS"); *Ananthapadmanabhan v. BSI Fin. Servs., Inc.*, 2015 WL 8780579, at *4 (N.D. Ill. Dec. 15, 2015) (

7

Leinenweber, J.) (dismissing claim that an ATDS was used where it "provide[d] no information about the calls [plaintiffs] received from BSI beyond vague statements about their content" and finding plaintiffs "may not rely on the discovery process to cure such deficiencies"); *Martin v. Direct Wines, Inc.*, 2015 WL 4148704, at *2 (N.D. Ill. July 9, 2015) (Alonso, J.) (dismissing TCPA claim where plaintiff included no facts besides an allegation that a "brand name" "Five9" ATDS was used); *Oliver v. DirecTV, LLC*, 2015 WL 1727251, at *2-3 (N.D. Ill. Apr. 13, 2015) (Zagel, J.) (dismissing TCPA claim where plaintiffs' allegations suggested that defendant possibly used an ATDS but did not raise a plausible inference that it actually did so); *Banks v. Green Tree Servicing, LLC*, 2015 WL 1058124, at *5 (N.D.Ill. Mar. 5, 2015) (Coleman, J.) (dismissing TCPA claim because plaintiff failed to allege facts indicating why she believed defendant used an ATDS); *Johansen v. Vivant, Inc.*, 2012 WL 6590551, at *3 (N.D.Ill. Dec. 8, 2012) (Aspen, J.) (holding a "formulaic recitation" of the elements of a TCPA claim, such as "use of an ATDS," is insufficient to state a claim without additional "independent facts" contributing to plaintiff's belief that the call was made via an ATDS).

As Judge Leinenweber stated in *Ananthapadmanabhan* asserting use of an ATDS is a fact, not a legal conclusion, but when the fact is an element "it is not sufficient to receive that fact verbatim without other supporting details." *Ananthapadmanabhan*, 2015 WL 8780579, at *4. Plaintiff has not described anything about the circumstances of the call which lead her to believe that the call was made using "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). Plaintiff merely pleads a formulaic recitation of the elements of a TCPA claim. As such, the Complaint fails to set forth facts which support this cause of action and must be dismissed.

**Discharge Injunction Violation**

A willful violation of the post-discharge injunction granted by § 524 is punishable by contempt sanctions. *In re Pincombe,* 256 B.R. 774, 782 (Bankr.N.D.Ill. 2000) (citing *In re Andrus,* 184 B.R. 311, 315 (Bankr.N.D.Ill. 1995)). The bankruptcy court's authority to impose sanctions stems from 11 U.S.C. § 105(a) which allows the bankruptcy court to issue any order necessary or appropriate to enforce its orders. *In re Vazquez,* 221 B.R. 222, 227 (Bankr.N.D.Ill. 1998). The burden is on Plaintiff to establish a violation by clear and convincing evidence. *In re Weinhold,* 393 B.R. 623, 628 (Bankr.E.D.Wis. 2008) (citing *Pincombe* ). The test used to determine a willful violation of the automatic stay under 11 U.S.C. § 362 is applicable to the determination of a willful violation of the post-discharge injunction under § 524. *Pincombe,* 256 B.R. at 783. In order to prove that a discharge injunction has been violated, "the debtor must show that the creditor acted intentionally, with knowledge that his act was in violation of the automatic stay [or injunction]." *In re Kewanee Boiler Corp.,* 297 B.R. 720, 736 (Bankr.N.D.Ill. 2003) (internal quotation omitted).

In assessing whether a creditor is acting to collect on a debt, courts apply the "coercive effects" test, which a creditor violates if it "acts or fails to act, in a coercive manner, with the sole purpose of collecting that debt." *In re Kuehn*, 563 F.3d 289, 292 (7th Cir. 2009). Plaintiff's Amended Complaint fails to state any facts which show that Fay acted in a coercive manner to collect the discharged debt through its contacts with Plaintiff. While Fay denies that it attempted to collect the debt from Plaintiff, Plaintiff has not shown that Fay coerced Plaintiff in any way. The letters reference in the Amended Complaint, on their fact, clearly do not attempt to collect the discharged debt. Regarding the phone calls, Plaintiff does not describe the contents of the calls, other than to assert they were collection calls. The Amended Complaint does not plead any coercive conduct by Fay in the telephone calls.

As noted above, the correspondence to Plaintiff contained clear and unambiguous bankruptcy disclaimers informing Plaintiff that she was discharged and the notice is for informational and compliance purposes only and not an attempt to collect a debt.

The Amended Complaint does not address the impact of Section 524(j) of the Bankruptcy Code. "Section 524(j) states that Section 524(a)(2) does not enjoin against an act by a secured creditor if it retains a security interest in real property that is a debtor's principal residence, such act is in the ordinary course of business between the creditor and the debtor and is limited to seeking or obtaining periodic payments associated with a valid security interest in lieu of pursuit of in rem relief to enforce the lien. 11 U.S.C. § 524(j)." *In re Hernandez*, 09 B 49112, 2017 WL 4103230, at *4 (Bankr. N.D. Ill. Sept. 13, 2017).

The Amended Complaint states the subject property was Plaintiff's "personal residence." Amended Complaint, ¶ 9. The mortgage, which Fay is servicing, was against Plaintiff's residence. Amended Complaint, ¶¶ 8, 9. The Amended Complaint does not allege that Fay has acted in any way inconsistent with the ordinary course between a borrower and a loan servicer. Fay is servicing for a lender with a valid security interest which has a right to receive periodic payments in lieu of pursuit of in rem relief. Further, the correspondence informs Plaintiff that upon written request Fay will cease sending the mortgage statement. Thus, the relief sought by the Count III "not plead facts that suggest a right to relief that is beyond the speculative level." *West Bend Mutual Ins. Co. v. Schumacher,* 844 F.3d 670, 675 (7th Cir. 2016). This Count should thus be dismissed for failure to state a claim.

## CONCLUSION

For the reasons set forth above, Defendant, Fay Servicing, LLC, respectfully requests the Court grant the motion to dismiss as to all counts and enters a final judgment in favor of Fay and against Plaintiff.

Respectfully submitted,

Fay Servicing, LLC

By: /s/ Jonathan D. Nusgart .
      Attorney for Defendant

Jonathan D. Nusgart
Michael J. Weik
Craig C. Smith
Smith & Weik, LLC
1011 Lake St., Suite 412
Oak Park, IL 60301
(708) 386-9540

## CERTIFICATE OF SERVICE

     I hereby certify that on December 6, 2019, I filed the above pleading via the court's CM/ECF system and notice will be served to all registered parties by electronic notice.

By:   /s/ Jonathan D. Nusgart .