**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TINA M. PARENTE, | |
| Plaintiff, | Case No. 1:19-cv-04138 |
| v. | |
| FAY SERVICING, LLC, | Honorable Judge Marvin E. Aspen |
| Defendant. | |

**PLAINTIFF'S RESPONSE TO DEFENDANT FAY SERVICING, LLC's**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**NOW COMES** TINA M. PARENTE ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., responding to FAY SERVICING, LLC's ("Fay") Motion to Dismiss Plaintiff's First Amended Complaint ("Fay's Motion"). This Court should deny Fay's Motion because Plaintiff's First Amended Complaint ("PFAC") contains sufficient factual allegations which plausibly state claims for which relief can be granted under the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), and the United States Bankruptcy Code.

**I.      INTRODUCTION**

In an attempt to attack PFAC, Fay's Motion summarily argues that Plaintiff fails to state plausible claims under the FDCPA, TCPA, and United States Bankruptcy Code. As is a common theme throughout Fay's Motion, Fay fails to properly apply the motion to dismiss standard under Fed. R. Civ. P. 12(b)(6).

With regard to Plaintiff's FDCPA claims, Fay misapplies the standard under Fed. R. Civ. P. 12(b)(6) and neglects the direct factual assertions in PFAC, as Plaintiff has clearly laid out each

1

violation of the FDCPA, as well as the specific conduct giving rise to that conduct. (Fay's Motion, p. 5). Accordingly, Plaintiff has adequately fulfilled the liberal notice-pleading standard under Fed. R. Civ. P. 12(b)(6).

Fay next argues that Plaintiff's TCPA claims fail because "Plaintiff has not alleged facts sufficient to plausibly show [it] placed calls to Plaintiff using an Automatic Telephone Dialing System ("ATDS")." *Id.* at p. 7. This position again demonstrates that Fay overlooked the important underlying facts in PFAC, as well as recent case law on this precise issue. At this stage of the proceedings, where Plaintiff has not even had the ability to depose Fay's corporate witness to assess the technical aspects of Fay's dialing system, Plaintiff has set forth sufficient facts to withstand Fay's Motion.

Finally, Fay entirely fails to acknowledge its coercive conduct in its attempts to dismiss Plaintiff's claims arising under 11 U.S.C. § 524(a)(2), and by overlooking the well-pled facts in PFAC, Fay's Motion must be denied in its entirety.

## II.   <u>FACTUAL ALLEGATIONS</u>

In June 2005, Plaintiff executed a mortgage in favor of U.S. Bank Home Mortgage ("subject debt"). [PFAC, ¶10]. On March 31, 2017, Plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The subject debt was listed in Schedule D of the Bankruptcy petition. [*Id.* ¶ 12-13]. On September 13, 2017, the Bankruptcy Court entered an Order of Discharge for the benefit of Plaintiff discharging all debts, including the subject loan. [*Id.* ¶ 16]. On September 18, 2017, Plaintiff's bankruptcy case closed and the Trustee was discharged. Plaintiff's personal liability on the subject loan was extinguished via her bankruptcy discharge, thus terminating the business relationship with U.S. Bank and any of its successors and assigns. [*Id.* ¶¶ 20-21].

2

Subsequent to Plaintiff's bankruptcy discharge, Fay acquired the servicing rights to the subject loan. [*Id.* ¶ 22]. Consequently, Fay sent several letters to Plaintiff demanding payment on the subject loan. [*Id.* ¶¶ 26-29]. Furthermore, Fay began placing collection calls to Plaintiff's cellular phone. [*Id.* ¶ 30]. Upon answering Fay's calls, Plaintiff would experience a noticeable pause, lasting a handful of seconds in length, before a live representative would begin to speak after Plaintiff had said hello. [*Id.* ¶ 34]. When Plaintiff was able to speak with one of Fay's representatives, Plaintiff demanded that Fay stop contacting her. [*Id.* ¶ 32]. Notwithstanding the Bankruptcy Discharge and her demand that Fay cease contacting her, Fay placed numerous calls to Plaintiff's cellular phone. [*Id.* ¶ 31].

## III.  LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In ruling on a pending motion to dismiss, the Court must construe the allegations in the complaint in a light most favorable to the plaintiff, accept as true all well-pleaded factual allegations set forth therein, and draw all reasonable inferences in favor of the non-moving party. *Fednav Int'l Ltd. v. Continental Ins. Co.,* 624 F.3d 834, 837 (7th Cir. 2010). In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Ford v. Neese*, 119 F.3d 560, 563 (7th Cir. 1997).

## IV.  LEGAL ARGUMENT

### A. Plaintiff States Viable Claims under the FDCPA

As a preliminary matter, it is important to note that Fay's Motion mostly addresses the FDCPA claims in their totality, and does not specifically address each claim individually. Fay does not

proffer any argument or support as to why Plaintiff's claims under 15 U.S.C §1692d(5) should be dismissed, other than incorrectly stating that Plaintiff does not "does not identify how making telephone calls to Plaintiff's cellular telephone equates to harassment, unfair practices or unconscionable means to collect a debt." [Fay's Motion, Pg. 5]. Fay's motion seems to focus on the fact that the letters sent to Plaintiff should not be construed as dunning letters, which through inference, we must assume is attacking Plaintiff's e(2), e(10), f, and f(1) claims. Consequently, the arguments made in Fay's Motion do not merit dismissal of all of Plaintiff's claims against Fay for violations of the FDCPA, and, at minimum, Plaintiff's e and d(5) claims must survive.

### a. Plaintiff States a Viable Claim under §1692d

Pursuant to 15 U.S.C. §1692d, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d. Further, this section prohibits specific conduct, including "[c]ausing a telephone to ring . . . repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5). Fay's motion states that Plaintiff "does not identify how making telephone calls to Plaintiff's cellular telephone equates to harassment, unfair practices or unconscionable means to collect a debt." [Fay's Motion, Pg. 5]. Contrary to Fay's assertions, PFAC does allege facts which illustrate the viability of its claims. PFAC clearly lays out facts plausibly leading to a claim for relief; Fay called Plaintiff, with knowledge that the subject debt was uncollectable, and the calls were unwanted, through both the Bankruptcy Discharge Injunction and Plaintiff's requests that the calls stop. [PFAC # 1, ¶¶ 16, 30, 32, 53]. Accordingly, Fay is placed on notice of the claims for relief, and the facts that give rise to those claims.

It appears that Fay's motion is predicated on the belief that PFAC fails to identify how making phone calls equates to harassment. The 12(b)6 stage is an improper time to raise this issue. In determining whether conduct violates the general prohibition outlined in 15 U.S.C. §1692d, Courts take the perspective of "a consumer whose circumstances make him relatively more susceptible to harassment, oppression, or abuse." *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1178 (11th Cir. 1985). Whether conduct violates 15 U.S.C. §1692d is typically a question for the jury. *Id., see also Allen v. Bank of America,* No. 11-c-9259, 2012 U.S. Dist. LEXIS 158632 (N.D. Ill. Nov. 6, 2012).[1] At the 12(b)6 stage, the pleading must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claim rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." *Id.*

Here, Plaintiff is not simply arguing that the call volume *alone* was harassing. Rather, there are a number of supplementary facts that exacerbate the harassing nature of Fay's persistent phone calls, including the fact that calls were placed to Plaintiff's cell phone after Plaintiff had notified Fay to stop calling, as well as after Fay had knowledge that the debt was uncollectable. In examining d(5) at the heighted Fed. R. Civ. P. 56(c) stage, Courts have found, "Whether 'repeated phone calls were made with intent to annoy, abuse, or harass,' depends on the volume and pattern of calls." [*Hendricks v. CBE Grp., Inc.*, 891 F. Supp. 2d 892, 896 (N.D. Ill. 2012)].[2] **Generally, there are two types of evidence presented to show an intent to harass under §1692d(5). *See id.* "First, where a plaintiff has shown that he asked the collection agency to stop calling . . .**

---

[1] See also *Sanchez v. Client Servs. Inc.,* 520 F. Supp. 2d 1149, 1160-61 (N.D. Cal. 2007); *Akalwadi v. Risk Mgmt. Alternatives Inc.,* 336 F. Supp. 2d 492 (D. Md. 2004) (holding that whether Defendant's approximately 27 calls placed over a two-month period was abusive was a question for the jury and inappropriate for court at summary judgment stage).

[2] (quoting *Majeski v. I.C. Sys., Inc.,* 08 CV 5583, 2010 WL 145861, at *3 (N.D.Ill. Jan.8, 2010)).

**and the collection agency nevertheless continued to call the plaintiff."** *Id.* "Second, the volume and pattern of the calls may themselves evidence an intent to harass." *Id.* Often, "the reasonableness of the volume and pattern of telephone calls is a question of fact best left to a jury." *Majeski,* 2010 WL 145861, at *3.[3]

Again referring back to PFAC, Plaintiff alleges that Plaintiff revoked her consent to be called and that the calls continued, directly in line with the cases previously cited. [PFAC, ¶¶ 32, 53]. Moreover, PFAC states that she was being called on a debt she did not owe, and which could not legally be collected on, another fact that can infer intent to harass. [*Id.* ¶53].

### b. Plaintiff States a Viable Claim under §1692e and f

As an initial matter, Fay's attack on Plaintiff's claims under 1692(e) appear to be centered on the letters sent by Fay to Plaintiff. A quick reading of PFAC will show that Plaintiff's claims under 1692(e) are not solely centered around these letters. PFAC states that the letters *and* collection phone calls mislead Plaintiff into believing that she still owed on the subject loan. Specifically, Plaintiff's complaint states that Fay violated "§1692e(2) when it misrepresented the character, amount, or legal status of the subject debt by **attempting to collect, through phone calls** and billing statements, the subject loan from Plaintiff personally. The subject loan was not owed at the times Fay demanded payment because it was discharged in Plaintiff's bankruptcy. Fay's **communications** and attempts to collect on the subject loan misrepresented that Plaintiff still owed

---

[3] *See also Bassett v. I.C. Sys., Inc.,* 715 F.Supp.2d 803, 810 (N.D.Ill. 2010) ("Because it is undisputed that [defendant] called [plaintiff] thirty-one times over a twelve day period, [plaintiff] has presented sufficient evidence raising a genuine issue of material fact that [defendant] violated Section 1692d(5) of the FDCPA."). *Kube v. Creditors Collection Bureau, Inc.*, 2012 U.S. Dist. LEXIS 130350, at *2 (N.D. Ill. Aug. 30, 2012) (emphasis added). *see also, e.g., Pratt v. CMRE Fin. Servs.,* 2012 U.S. Dist. LEXIS 3460, at *3 (E.D. Mo. Jan. 11, 2012) (noting intent to harass can be inferred from calls occurring after requests such calls stop) (citing *Moore v. Firstsource Advantage, LLC,* 2011 U.S. Dist. LEXIS 104517, at *14 (S.D.N.Y. 2011)); *Kerwin v. Remittance Assistance Corp.,* 559 F. Supp. 2d 1117, 1124 (D. Nev. 2008) (same).

on the subject loan." [*Id.* ¶53 (emphasis added)]. Furthermore, Plaintiff's complaint states that Fay violated "§1692e(10) when it falsely represented that the subject debt was collectible when it sent dunning notices to Plaintiff **and called Plaintiff demanding a payment on the subject debt**, as the subject debt was not owed by virtue of Plaintiff's bankruptcy discharge." [*Id.* ¶54 (emphasis added)]. Even if this Court finds the letters sent do not provide a cause of action under 1692(e) and (f), Plaintiff's claims should survive because of the properly pled misleading collection calls.

In the Seventh Circuit, at the 12(b)6 stage, claims under 1692e and 1692f are analyzed using a similar framework as 1692g. *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 758. When assessing an FDCPA claim, we view the claim through the eyes of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). Furthermore, the Court in *McMillan* recognized that "when a complaint alleges that a dunning letter is confusing, and thus a violation of §1692g, the Plaintiff has stated a recognizable legal claim; no more is necessary to survive a Rule 12(b)(6) motion. *See Marshall-Mosby,* 205 F.3d at 326-27 ([A] FDCPA complaint survives a motion to dismiss under Rule 12(b)(6) simply by alleging that a dunning letter was confusing.); *Walker*, 200 F.3d at 503; *Johnson*, 169 F.3d at 1059. Because confusion is a fact-based question, dismissal is typically not available under 12(b)(6), which is appropriate only when there is no set of facts consistent with the pleadings under which the plaintiff could obtain relief. *See Johnson*, 169 F.3d at 1059-60."[4]

---

[4] In analogizing these standards, the Court stated: "We cannot accept the district court's view that claims brought under § 1692e or § 1692f are different from claims brought under § 1692g for purposes of Rule 12(b)(6) analysis. Whether or not a letter is "false, deceptive, or misleading" (in violation of § 1692e) or "unfair or unconscionable" (in violation of § 1692f) are inquiries similar to whether a letter is confusing in violation of §1692g. After all, as our cases reflect, the inquiry under §§ 1692e, 1692g and 1692f is basically the same: it requires a fact-bound determination of how an unsophisticated consumer would perceive the letter. *See Fields v. Wilber Law Firm*, 383 F.3d 562, 565-66 (7th Cir. 2004) (applying the "unsophisticated consumer" standard to claims brought under §§ 1692e and 1692f.

Using this analysis, Plaintiff's letter must survive the 12(b)6 stage, as she has properly pled that the alleged dunning letter was misleading and unfair.

In addressing Plaintiff's claims under 1692(e) and (f), Fay argues that because these letters contained language that included Bankruptcy disclosures, those communications cannot possibly be an attempt to collect a debt and therefore not misleading. Fay cites to *Cardona v. FCI Lender Services, Inc.*, 17 C 1278, 2017 WL 3531492, at *3 (N.D. Ill. Aug. 16, 2017), where Judge Gettleman ruled that a letter containing similar language to the letters sent by Fay did not violate 1692(e).

However, Fay's reliance on *Cardona* is misguided. First, the *Cardona* ruling was rendered at summary judgment. Second, the letters at issue in the instant case have substantial differences from the letters in *Cardona*, and thus the facts are not analogous. Furthermore, in *Cardona,* the plaintiff's 1692(e) claims were centered around a single collection letter sent after a bankruptcy discharge, whereas here, Plaintiff's 1692(e) and (f) claims are based upon multiple letters being sent by Fay, as well as numerous collection calls being placed to Plaintiff's cellular phone. [PFAC, ¶¶ 26-29, 31, 54-58]. Moreover, there is ample case law showing that these distinctions are significant. For example, in *Gburek v. Litton Loan Servicing, LP*, 614 F.3d 380 (7th Cir. 2010), the Court noted that the "nature of the parties' relationship" is a relevant factor in determining whether a communication is an attempt to collect a debt under the FDCPA. *Gburek*, 614 F.3d at 385. Here, accepting the Plaintiff's factual allegations as true, the parties' relationship was not one of a mortgage servicer sending one statement, but of a debt collector attempting to collect on a discharged debt through calls and multiple letters. Moreover, *Gburek* supports the position, noted above, that "whether a communication was sent in connection with an attempt to collect a debt is a question of objective fact, to be proven like any other fact." *Id.* at 386 (internal quotations and

citations omitted). In order to survive a Rule 12(b)(6) motion to dismiss, Plaintiff only needs to make allegations that are sufficient to bring the claim within the FDCPA's scope. *Id*. In *Gburek*, the Court found a letter simply urging the plaintiff to contact the debt collector to discuss debt settlement options was deemed to be an attempt to collect a debt within the scope of the FDCPA. *Id*. Fay's communications, which were made after Plaintiff's personal liability on the underlying debt was discharged, also fall within this scope. While none of the letters Fay sent included an explicit demand for payment, the *Gburek* court found that "it was a mistake to dismiss the complaint on the sole ground that none of these communications explicitly demanded payment from Gburek." *Id*. at 386-87. Additionally, all of the letters sent by Fay included a payment coupon. [Fay's Motion, Exhibit A]. Even if, as Fay claims, these letters were intended to be for informational purposes only, they must be considered in totality with all of Fay's communications, not just individual parts. Given the fact that Plaintiff's personal obligation on the underlying loan had been discharged, any communications regarding payment were attempts to collect a debt that misrepresented that debt's status. Such allegations are sufficient to state a claim under 15 U.S.C. §1692e(2). Fay's argument that the bankruptcy language insulates itself from liability must fall flat because the totality of circumstances demonstrate that the only purpose the statements served was to collect money from the Plaintiff, as evidenced by the demands for payment in collection calls, and the inclusion of payment coupons on its letters. At the very least, dismissal is inappropriate as there as an issue of material fact of whether the letters and communications are misleading to an unsophisticated consumer. *See Barton v. Ocwen Loan Servicing, LLC*, 2013 WL 5781324 (D. Minn. 2013) (denying summary judgment in favor of Ocwen on the issue of whether a bankruptcy disclaimer similar to the ones at bar exonerates Ocwen from FDCPA liability;

holding that a reasonable juror could find that the notices were an attempt to collect a discharged debt through misleading statements or unfair practices).

Moreover, Courts within this Circuit have addressed Fay's bankruptcy disclaimer defense and equally rejected it. In *Tate v. Ocwen Loan Servicing, LLC*, 14-cv-05528, (N.D. Ill. 2015), Judge Bucklo held that: "While the bankruptcy disclaimer uses straightforward language, I am not persuaded of its prominent placement, nor do I conclude, as a matter of law, that an unsophisticated consumer would understand it as negating the overall thrust of the account statement, which not only states elsewhere that is an attempt to collect a debt, but also contains the hallmarks of a demand for payment, right down to the payment instructions and a detachable payment." *Id.* at *3. Similarly here, the bankruptcy disclaimer language is displayed less prominently, and in smaller font, than a box containing the "Amount Due" and "Payment Due Date" and cannot overshadow the "hallmarks" of a demand for payment. Also, and distinguishable from the letters in *Cardona,* the letters in this case contain an "Important Information To Help Us Serve You Better Section" which exclusively contains information to assist Plaintiff in paying the discharged debt. [Fay's Motion, Exhibit A]. Each statement includes a payment coupon requested from the Plaintiff, as well as a payment due date, and any disclaimer language cannot be found to overshadow the overall effect of the letters. Indeed, multiple courts in this Circuit have held that the mere inclusion of the bankruptcy disclosure and language in not dispositive whether a letter constitutes an attempt to collect a debt when viewed in concert with the other aspects of a case. (*see Green v. Specialized Loan Servicing, LLC,* 2016 U.S. Dist. LEXIS 95124, *11-12.) "But, as discussed above, in this case, the bankruptcy disclosure in the Notice and Verification are outweighed by the other aspects of the communications that indicate an attempt to collect. The court concludes that in this case, the

communications themselves show that SLS's communications were an attempt to collect a debt." *See also Folkerts v. Seterus, Inc.,* 2019 U.S. Dist. LEXIS 42347, *37-38, 2019 WL 1227790.

The totality of circumstances demonstrate that Fay's letters and phone calls served one purpose: to collect a discharged debt. The letters are misleading on their face as they can mislead the discharged debtor into believing money is owed on a debt that no longer exists. Lastly, whether a communication is made "in connection with the collection of any debt" is a "question of objective fact, to be proven like any other fact." *Ruth v. Triumph P'Ships*, 577 F.3d 790, 798, 2009 U.S. App. LEXIS 18256. Thus, even if this court would ultimately find that these letters were not sent as an attempt to collect a debt, it is a matter better resolved by the jury or at Summary Judgment. Plaintiff has clearly met her obligations under the *Iqbal* standard, as when all factual allegations made by the Plaintiff are accepted as true, she has plead factual content that allows the court to draw a reasonable inference that Defendant is liable under 1692(e) and (f).

### B. Plaintiff States Viable Claims Under the TCPA

To state a cause of action under the TCPA, a plaintiff must allege that: (1) a call was made; (2) the caller used an automatic telephone dialing system or artificial or prerecorded voice; (3) the telephone number called was assigned to a cellular telephone service; and (4) the caller did not have prior express consent of the recipient. *Hanley v. Green Tree Servicing, LLC,* 934 F. Supp.2d 977, 982 (N.D. Ill. 2013) citing 47 U.S.C. §227(b)(1)(A)(iii). Fay's Motion solely argues that Plaintiff did not plead facts sufficient to plausibly show that Fay placed calls using an ATDS.

Fay cites to a line of cases dismissing TCPA claims, including *Hanley*, where the complaints in those cases set forth no facts that an ATDS was used. Fay proceeds to single out Judge Leinenweber's decision in *Ananthapadmanabhan v. BSI Fin. Servs., Inc.*, 2015 WL 8780579 in arguing that "Plaintiff has not described anything about the circumstances of the call which lead

11

her to believe that the call was made using "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." [Fay's Motion, Pg. 8]. Not only is this argument clearly misguided, it is objectively false. Plaintiff has clearly plead facts that plausibly show Fay used an ATDS in violation of the TCPA. Plaintiff alleges that, upon answering Fay's calls, Plaintiff would experience a noticeable pause, lasting a handful of seconds in length, between the time she said hello and a live representative would begin to speak. [PFAC. ¶ 34]. Plaintiff goes on to allege that this pause is indicative of an ATDS, specifically stating "based on Fay's lack of prompt human response during the calls in which Plaintiff answered, Fay used an ATDS to place calls to Plaintiff's cellular phone without her consent." [*Id.* ¶ 66]. Moreover, Plaintiff states that the frequency of the calls is suggestive of an ATDS. [*Id.* ¶ 35]. Plaintiff also asserts that Fay never had consent to call her cellular phone, that Plaintiff revoked consent to be called on her cellular phone, and that Fay continued to call Plaintiff. [*Id.* ¶ 31-33, 53]. Despite Fay's assertions, these facts are sufficient to survive a motion to dismiss.

Courts across the United States have denied motions to dismiss where plaintiffs have alleged analogous facts as Plaintiff has here. For instance, *See Crawford v. Target Corp.,* No. 3:14-cv-0090, 2014 U.S. Dist. LEXIS 159203, *7 (N.D. Tex. Nov. 10, 2014) (finding plaintiff to have alleged facts sufficient to establish Defendant's use of an ATDS when plaintiff alleged "that . . .upon answering Defendant's calls, she experienced periods of silence before hearing a live representative on the line").[5]

---

[5] see also, *Cunningham v. Techstorm, LLC,* No. 3:16-cv-2879, 2017 U.S. Dist. LEXIS 25047, *7 (N.D. Tex. Feb. 23, 2017) ("the Court notes that Plaintiff's description of the calls as including dead-air time is sufficient to establish use of an [ATDS]"); *see also, Loveless,* 2015 U.S. Dist. LEXIS 29982, at *8 (finding plaintiff's allegations regarding defendant's use of an ATDS, "particularly . . . allegations regarding 'dead air' plaintiff experienced with respect to several calls, sufficient to survive a motion to dismiss" because "[s]uch allegations are sufficient to 'raise a reasonable expectation that discovery will reveal evidence of'

Accordingly, Plaintiff has plead sufficient facts to provide Fay "with 'fair notice' of the claim and its basis." *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). Under the Fed. R. Civ. P. 12(b)(6) standard, Plaintiff cannot be expected to plead any additional facts regarding Fay's system without having the ability to engage in meaningful discovery, including the ability to depose Fay's witness regarding Fay's telephone system. To require Plaintiff to plead any additional facts without access to the discovery process would deprive the Plaintiff of the opportunity to prove her case, and would also violate basic due process fundamentals. *Torres v. Nat'l Enter. Sys., Inc.,* 2012 WL 3245520, at *3 (N.D. Ill. 2012) (holding that it would be virtually impossible, absent discovery, for any plaintiff to gather evidence regarding the type of machine used for a communication left on plaintiff's voicemail).[6] As such, Plaintiff's allegations are sufficient to pass muster under the liberal pleading requirements of Fed. R. Civ. 12(b)(6) and Fay's Motion should be denied in its entirety with regards to the TCPA.

### C. Plaintiff States Viable Claims Under the Bankruptcy Code

Finally, Fay asserts that Plaintiff failed to state a viable claim under 11 U.S.C. §524(a)(2). As Fay correctly points out, "in assessing whether a creditor is acting to collect on a debt, courts apply the "coercive effects" test, which a creditor violates if it "acts or fails to act, in a coercive manner, with the sole purpose of collecting that debt." *In re Kuehn*, 563 F.3d 289, 292 (7th Cir. 2009)."

---

the use of an ATDS"); *e.g., Evans v. Corinthian Colleges, Inc.* 2014 U.S. Dist. LEXIS 85569 (S.D Ind. June 23, 3014). *White v. Synchrony Bank,* No. 8:15-cv-01205, 2015 U.S. Dist. LEXIS 134629 (M.D. Fla. Oct. 2, 2015) (denying motion to dismiss plaintiff's TCPA claim, noting that plaintiff's "allegation that [defendant] ignored his request to stop calling him supports an inference that the defendant was using [an ATDS].");

[6] *See also Langston v. Cach, LLC*, 14-cv-08642 at *2 (N.D. Ill. 2015) (the Hon. Charles Norgle, Sr. finding allegations that defendant placed substantial calls using an automatic telephone dialing system sufficient to pass muster under the liberal pleading standards of Fed. R. Civ. Pro. 8, stating that, "The issue raised by Defendant may be resolved through reasonable discovery");

[*Id.*]. However, Fay proceeds to incorrectly assert "Plaintiff has not shown that Fay coerced Plaintiff in any way." In supporting its position, Fay states that the "letters referenced in the Amended Complaint, on their fac[e], clearly do not attempt to collect on the discharged debt." Fay goes on to state that the correspondence "contained clear and unambiguous bankruptcy disclaimers informing Plaintiff that she was discharged and the notice is for informational and compliance purposes only and not an attempt to collect a debt." [*Id.* at 10]. Unfortunately for Fay, as discussed *supra*, it is not that simple. The aforementioned bankruptcy disclaimer does not automatically preclude the letter Fay sent as being viewed as an attempt to collect a debt. As courts have repeatedly found, the mere inclusion of the bankruptcy disclosure and language in not dispositive whether a letter constitutes an attempt to collect a debt when viewed in concert with the other aspects of a case. [*Green* at 10].

One of the primary aspects of this case is the harassing collection calls placed by Fay to Plaintiff's cellular phone. Fay states "Plaintiff does not describe the contents of the calls, other than to assert they were collection calls. [PMAC] does not plead any coercive conduct by Fay in the telephone calls." [Fay's Motion, Pg. 9]. This is simply untrue. Plaintiff pleads that the calls were harassing, by their volume and their placement without consent. [PFAC ¶ 53]. Plaintiff also states that Fay "called Plaintiff demanding a payment on the subject debt." [*Id.* ¶ 56]. Both of these acts can be plausibly construed as a coercive act, with the sole purpose of collecting the debt. Furthermore, when Fay's acts are viewed on the whole, it is clear that Fay is acting in an attempt to collect a debt.

Finally, Fay states that Section 524(j) applies to Plaintiff's 524(a)(2) claims and thus allows for Fay to commit acts as a "secured creditor if it retains a security interest in real property that is a debtor's principal residence, **such act is in the ordinary course of business between the creditor**

14

**and the debtor and is limited to seeking or obtaining periodic payments associated with a valid security interest in lieu of pursuit of in rem relief** to enforce the lien." (emphasis added). This argument, as well as Fay's reliance on 524(j), must fail. Counts I-II of Plaintiff's complaint allege that violations of both the FDCPA and TCPA. Even if we treat the subject debt as a debt Plaintiff still owed, at a minimum, Plaintiff has stated a plausible claim for relief under both the TCPA and the FDCPA for the harassing phone calls being placed without Plaintiff's consent. Surely, Fay does not want to argue that the ordinary course of business between a borrower and a loan servicer is to violate federal consumer protection statutes. Finally, in order for an act to fall under 524(j), the creditor is limited to seeking or obtaining periodic payments associated with a valid security interest. Here, Fay's conduct suggests otherwise as Fay called Plaintiff on numerous occasions, without her consent, in an attempt to collect and demanded payment on the subject debt.

For the aforementioned reasons, Plaintiff has plead facts that suggest a right to relief beyond a speculative level, and thus Fay's motion should be denied in its entirety.

## V.     <u>CONCLUSION</u>

In light of the above, the Court should deny Fay's Motion because PFAC presents sufficient factual allegations which, when taken as true, illustrate that Plaintiff has plausible claims against Fay for violations of the FDCPA, TCPA, and the Bankruptcy Code. Alternatively, in the event any of Plaintiff's claims are found to warrant dismissal, this Court should allow Plaintiff leave to amend her Complaint.

**WHEREFORE**, Plaintiff, TINA M. PARENTE, respectfully requests this Honorable Court enter an order denying Defendant's Motion in its entirety and for any other relief just and appropriate.

Dated: January 17, 2020                                        Respectfully submitted,

                                                               s/ *Alexander J. Taylor*
                                                               Alexander J. Taylor, Esq.
                                                               Counsel for Plaintiff
                                                               Sulaiman Law Group, Ltd.
                                                               2500 South Highland Avenue, Suite 200
                                                               Lombard, Illinois 60148
                                                               (331) 307-7646 (phone)
                                                               (630) 575-8188 (fax)
                                                               ataylor@sulaimanlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                               */s/ Alexander J. Taylor*
                                                               Alexander J. Taylor