IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TINA M. PARENTE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:19-cv-04138 |
| FAY SERVICING, LLC ) | |
| ) | Judge Marvin E. Aspen |
| Defendant. ) | |

### MEMORANDUM OPINION & ORDER

Marvin E. Aspen, District Judge:

Plaintiff Tina M. Parente brought this suit against defendant Fay Servicing, LLC under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §§ 1692d, 1692e and 1692f, the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227, and Section 524(a)(2) of the Bankruptcy Code. (First Am. Compl. ("FAC") (Dkt. No. 30) ¶ 1.) Presently before us is Fay's motion to dismiss for failure to state a claim and motion to dismiss the claim under the Bankruptcy Code for lack of jurisdiction. (Mot. to Dismiss First Am. Compl. ("Mot.") (Dkt. No. 34).) For the reasons set forth below, we deny Fay's motion to dismiss the claims under the FDCPA and the TCPA, and grant Fay's motion to dismiss the claim under the Bankruptcy Code. We deny Fay's motion to dismiss the Bankruptcy Code claim for lack of subject matter jurisdiction.

### BACKGROUND

On November 6, 2019, Parente filed her First Amended Complaint against Fay for violations under the FDCPA, the TCPA, and the Bankruptcy Code. (FAC ¶ 1.) We draw the

following allegations from Parente's First Amended Complaint and accept them as true for the purposes of the present motion.

Parente was the borrower of a mortgage against her personal residence in Burbank, IL. (FAC ¶¶ 8, 9.) The mortgage originated in 2005 and went into default in 2016. (FAC ¶¶ 8, 11.) On March 31, 2017, Parente filed a Chapter 7 bankruptcy petition in the Northern District of Illinois. (FAC ¶ 12.) On September 13, 2017, the Bankruptcy Court granted Parente an Order of Discharge, which discharged Parente's mortgage. (FAC ¶ 16.) Fay acquired servicing rights of Parente's mortgage following the discharge. (FAC ¶ 22.)

Parente alleges that Fay sent dunning letters to Parente in an attempt to collect the discharged mortgage. (FAC ¶¶ 25–29.) First, Parente received a dunning letter from Fay dated March 11, 2019 listing an amount due of $64,571.30 and a payment due date of April 1, 2019. (FAC ¶ 26.) Next, Parente received a dunning letter from Fay dated April 10, 2019 listing an amount due of $67,809.46 and a payment due date of May 1, 2019. (FAC ¶ 27.) Fay's dunning letters included a detachable payment coupon instructing Parente to return the coupon with payment to Fay. (FAC ¶ 28.) Parente received other similar letters from Fay demanding immediate payment towards the mortgage. (FAC ¶ 29.)

Parente also alleges that Fay called Parente's cellphone attempting to collect the discharged mortgage. (FAC ¶¶ 25, 30.) Between December 2018 and November 2019, Fay placed numerous phone calls to Parente's cellphone. (FAC ¶ 31.) Parente revoked consent to be contacted on her cellphone. (FAC ¶ 32.) In the calls that Parente answered, Parente heard "an approximate 3 second pause" before she got connected to a representative from Fay attempting to collect the discharged mortgage. (FAC ¶ 34.)

**LEGAL STANDARDS**

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In determining whether jurisdiction exists, we may "look beyond the jurisdictional allegations of the complaint and consider any evidence submitted on the issue." *Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013). A plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met. *Lujan v. Def. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136 (1992); *Farnik*, 707 F.3d at 721.

A Rule 12(b)(6) motion is meant to "test the sufficiency of the complaint, not to decide the merits" of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Specifically, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). While a complaint need not give "detailed factual allegations," it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 545, 127 S. Ct. at 1964–65; *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011).

**ANALYSIS**

**I. Fair Debt Collection Practices Act Claims**

Parente alleges that Fay's efforts to collect her discharged mortgage violated FDCPA Sections 1692d, 1692e and 1692f. (FAC ¶ 52.) We consider each of these claims in turn.

a.      **Section 1692d**

Parente alleges that Fay violated FDCPA §§ 1692d and d(5) "by repeatedly or continuously calling Plaintiff's cellular phone, causing it to ring and engaging Plaintiff in multiple conversations" regarding the collection of mortgage, despite Fay knowing that the mortgage was discharged. (FAC ¶ 53.)

"A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  Section 1692d(5) prohibits a debtor from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).  "The Seventh Circuit has not articulated a standard for evaluating § 1692d claims." *Allen v. Bank of Am., N.A.*, No. 11 C 9259, 2012 WL 5412654, at *7 (N.D. Ill. Nov. 6, 2012).  "Ordinarily, whether conduct harasses, oppresses, or abuses [under § 1692d] will be a question for the jury." *Allen*, 2012 WL 5412654, at *7 (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir.1985)).  "[W]ithout the specific communications between [plaintiff] and [defendant] (and without improperly subjecting the complaint to a fact-pleading level of detail), that is a determination the [c]ourt cannot yet make [at the motion to dismiss stage]." *Gritters v. Ocwen Loan Servicing, LLC*, No. 14 C 00916, 2014 WL 7451682, at *6 (N.D. Ill. Dec. 31, 2014).

At the motion to dismiss stage, courts have permitted cases to proceed where plaintiff asked defendant to stop calling and/or plaintiff received multiple calls within a short period of time. *See Hayes v. Receivables Performance Mgmt., LLC*, No. 17-CV-1239, 2018 WL 4616309, at *5 (N.D. Ill. Sept. 26, 2018) (denying motion to dismiss where plaintiff demanded defendant to stop calling and informed defendant that this was the wrong number, but Defendant continued

4

to call at least twenty times, sometimes multiple times a day); *Bruner v. AllianceOne Receivables Mgmt., Inc.*, No. 15 C 9726, 2017 WL 770993, at *2 (N.D. Ill. Feb. 28, 2017) (denying motion to dismiss where plaintiff did not ask defendant to stop calling but allegedly received at least eleven phone calls over a six-week period).

In the present case, Parente alleged that she received "numerous phone calls" from Fay over eleven months, including several calls after Parente asked Fay to stop contacting her. (See FAC ¶¶ 31, 32; Plaintiff's Response to Motion to Dismiss First Amended Complaint ("Pl. Resp.") (Dkt. No. 43) at 3.) In addition, Parente alleged that Fay knows Parente's mortgage was discharged in bankruptcy but continued calling anyway. (See FAC ¶¶ 30, 53.) As in *Hayes* and *Bruner*, these allegations state a plausible claim under Sections 1692d and d(5) and we therefore deny Fay's motion to dismiss.

### b. Sections 1692e and 1692f

Parente alleges that Fay's attempts to collect her discharged mortgage violated FDCPA §§ 1692e and 1692f. (FAC ¶¶ 54–62.) Section 1692e prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692f prohibits a debt collector from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

#### 1) Effect of the bankruptcy disclaimer

Fay argues that the collection letters sent to Parente include bankruptcy disclaimers and were for informational and compliance purposes and not an attempt to collect a debt, thus not triggering §§ 1692e and 1692f of the FDCPA.

Whether a communication from a debt collector is made "in connection with the collection of any debt" is a "question of objective fact, to be proven like any other fact." *Ruth v.*

*Triumph P'ships*, 577 F.3d 790, 798 (7th Cir. 2009). Courts consider three factors as a whole: (1) "the absence of a demand for payment;" (2) "[t]he nature of the parties' relationship;" and (3) "the purpose and context of the communications—viewed objectively." *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384–85 (7th Cir. 2010). At the motion to dismiss stage, numerous courts have found that communications could be viewed in connection with the collection of a debt despite the inclusion of a bankruptcy disclaimer. *See, e.g.*, *Hamilton v. LoanCare, LLC*, No. 19 C 0554, 2019 WL 3973132, at *3–4 (N.D. Ill. Aug. 22, 2019) (holding that communications could be debt collection activity despite the inclusion of a bankruptcy disclaimer and the absence of a demand for payment); *Radney v. Bayview Loan Servicing, LLC*, No. 15-CV-9380, 2016 WL 3551677, at *3 (N.D. Ill. June 30, 2016) (same); *Price v. Seterus, Inc.*, No. 15 C 7541, 2016 WL 1392331, at *4 (N.D. Ill. Apr. 8, 2016) (denying motion to dismiss, notwithstanding the inclusion of a bankruptcy disclaimer).

Fay in its Motion to Dismiss First Amended Complaint attached copies of the two collection letters identified in Parente's First Amended Complaint paragraphs 26 and 27. (Mot. Exhibit A (Dkt. No. 34–1).)[1] The first page of the mortgage statements contains a "Bankruptcy Message," which shows that "[o]ur records show that either you are a debtor in bankruptcy or you discharged personal liability for the mortgage loan in bankruptcy. We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a

---

[1] Generally, a court "may only consider the plaintiff's complaint when ruling on a Rule 12(b)(6) motion." *Burke v. 401 N. Wabash Venture, LLC,* 714 F.3d 501, 505 (7th Cir. 2013). However, Federal Rule of Civil Procedure 10(c) permits a court to consider certain documents attached to briefs on a motion to dismiss. *Id.* Such documents "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (internal quotations omitted) (quoting *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002)). Fay attached the dunning letters Parente referenced several times in her complaint, which we therefore consider.

debt against you." *Id.* The second page of the mortgage statements, in bold print, shows that "Fay Servicing, LLC is a debt collector, and information you provide to us will be used for that purpose. To the extent your original obligation was discharged, or is subject to an automatic stay under the United States Bankruptcy Code, this is being provided for informational purposes only and does not constitute an attempt to collect a debt or impose personal liability." *Id.*

The communications between Parente and Fay could be in connection with the collection of the mortgage, despite the bankruptcy disclaimer. The relationship between Parente and Fay arose solely from the mortgage. (FAC ¶ 22.) In addition, similar to *Hamilton* and *Price*, the two collection letters Parente received include an amount due, payment due date, detachable payment coupon, and payment instructions. (FAC ¶¶ 26–28; Mot. Exhibit A.) Furthermore, Parente's §§ 1692e and 1692f claims are not based solely on the collection letters, but also include numerous phone calls "attempting to collect the subject loan." (FAC ¶ 30.) Despite the bankruptcy disclaimers on the collection letters, given the overall context here, a reasonable consumer could view the communications in connection with the collection of the mortgage.

      **2)**   **False, deceptive or misleading communications**

Parente alleges that Fay represented falsely or misleadingly the collectability of the mortgage in violation of § 1692e. (FAC ¶¶ 54–56.)

Section 1692e prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(2) prohibits "false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2). Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). In evaluating whether a representation or means is "false,

deceptive or misleading" under § 1692e, courts take the perspective of an "unsophisticated consumer," who is "uninformed, naïve, or trusting, yet it admits an objective element of reasonableness." *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) (internal citations omitted). The Seventh Circuit "treat[s] the question of whether an unsophisticated consumer would find certain debt collection language misleading as a question of fact." *McMillan*, 455 F.3d at 758; *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 501 (7th Cir. 1999).

Statements alleged to be false or misleading under the FDCPA fall into three categories: (1) statements that "plainly, on their face, are not misleading or deceptive," where courts "grant dismissal or summary judgment in favor of the defendant;" (2) "statements that are not plainly misleading or deceptive but might possibly mislead or deceive the unsophisticated consumer," where courts allow plaintiff to proceed its case and produce extrinsic evidence; (3) statements that are "so clearly confusing on [their] face[s] that a court may award summary judgment to plaintiff on that basis." *See Ruth*, 577 F.3d at 800–01.

In the present case, the communications between Parente and Fay might possibly mislead or deceive an unsophisticated consumer and thus do not warrant dismissal. As we have reasoned above, Fay's letters and calls could be viewed as attempts to collect the discharged mortgage. An unsophisticated consumer might misunderstand these communications as implying her bankruptcy had no legal effect or that Fay could still collect the mortgage. We deny Fay's motion to dismiss Parente's § 1692e claim.

### 3) Unfair or unconscionable communications

Parente alleges that Fay used unfair and unconscionable means attempting to collect Parente's discharged mortgage and violated § 1692f. (FAC ¶¶ 57–61.)

8

Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Whether collection attempts are unfair or unconscionable "requires a fact-bound interpretation" of how an "unsophisticated consumer" would perceive the attempts. *McMillan*, 455 F.3d at 759; *Bruner*, 2017 WL 770993, at *4. Section 1692f(1) contains a relevant illustrative violation, because it prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). "[Section 1692f(1)] is silent as to the debt collector's intent." *Turner v. J.V.D.B. & Assocs., Inc.,* 330 F.3d 991, 996 (7th Cir. 2003). Section 1692f(1) also prohibits attempts to collect unlawful amounts. *See Seeger v. AFNI, Inc.*, 548 F.3d 1107, 1111–14 (7th Cir. 2008). At the motion to dismiss stage, courts have permitted § 1692f cases to proceed where claims are based on more than a letter simply providing information required by law. *See, e.g., Bruner*, 2017 WL 770993, at *1, 5; *Snyder v. Ocwen Loan Servicing, LLC*, No. 14 C 8461, 2015 WL 1910989, at *1, 4 (N.D. Ill. Apr. 27, 2015) (denying motion to dismiss where defendant used two letters and four phone calls attempting to collect a legally unenforceable debt).

In the present case, an unsophisticated consumer could view Fay's collection letters and phone calls as "unfair or unconscionable means" of collecting Parente's debt. Parente explicitly revoked consent for future contact on her cellphone (FAC ¶ 32), but Fay's collection efforts did not stop. As we stated above, Fay's letters and calls could be viewed as an attempt to collect the discharged mortgage, which is unauthorized collection activity. We therefore deny Fay's motion to dismiss the § 1692f claim.

9

## II. Telephone Consumer Protection Act Claim

Parente alleges that Fay called Parente's cellphone using an automatic telephone dialing system ("ATDS") for non-emergency purposes and without Parente's consent, in violation of 47 U.S.C. §227 (b)(1)(A)(iii). (FAC ¶ 64.) Fay argues that a formulaic recitation of the elements of a TCPA claim or a mere mention of dead airtime cannot sustain Parente's claim. (Mot. at 8; Def. Reply at 3.)

The TCPA prohibits calls made to cellular phones using "any automatic telephone dialing system or an artificial or pre-recorded voice." 47 U.S.C. § 227(b)(1)(A)(iii). The statute defines ATDS as "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1). TCPA plaintiffs must allege that (1) a call was made; (2) the caller used an ATDS or artificial or prerecorded voice; (3) the telephone number called was assigned to a cellular telephone service; and (4) the caller did not have prior express written consent of the recipient. *Hanley v. Green Tree Servicing, LLC*, 934 F.Supp.2d 977, 982 (N.D. Ill. 2013). The required level of pleading detail to state a complaint under the TCPA ranges from bare recital of the statutory definition of an ATDS in the complaint to an express requirement of more than repeating the statutory language. *See Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *2–3 (N.D. Ill. Dec. 18, 2012).

A plaintiff must plead facts or circumstances easily available to him to establish his belief that the calls were delivered via an ATDS. *Id.* at *3. For example, such facts or circumstances can be a "robotic sound of the voice on the other line," a "distinctive click and pause," or a "lack of human response." *See Schlotfeldt v. Wells Fargo Home Mortg., Inc.*, No. 15 C 6656, 2016 WL 406341, at *5 (N.D. Ill. Feb. 3, 2016); *Martin v. Direct Wines, Inc.,* No. 15 C 757, 2015 WL

10

4148704, at *2 (N.D. Ill. July 9, 2015); *Johansen*, 2012 WL 6590551, at *3. However, the precise length of a momentary pause or how long it takes to transfer a call is inappropriate at the pleading stage. *Oliver v. DirecTV, LLC*, No. 14-CV-7794, 2015 WL 1727251, at *3 (N.D. Ill. Apr. 13, 2015). Moreover, "it is unreasonable to require a plaintiff in a TCPA complaint, without the benefit of discovery, to elaborate on the specific technical details of a defendant's alleged ATDS, such as what type of machines were used to make a call or how those machines functioned." *Johansen*, 2012 WL 6590551, at *3.

In the present case, Parente's allegations are sufficient to state a claim. Parente alleged that Fay placed non-emergency calls to Plaintiff's cellphone using ATDS. (FAC ¶ 64.) Parente explicitly revoked consent for future contact on her cellphone. (FAC ¶ 32.) Additionally, Parente alleges that there was "lack of prompt human response" after she answered the calls (FAC ¶ 66) and that there was "an approximate 3 second pause" before she was connected to Fay's representatives (See FAC ¶¶ 34, 67). These allegations are examples of the additional facts or circumstances suggested in *Schlotfeldt*, *Martin*, and *Johansen* to suggest that a defendant employed an ATDS. Fay's motion to dismiss is denied as to the TCPA count.

**III.    Bankruptcy Code Claim**

Parente alleges that Fay's debt collection efforts on her discharged mortgage violate the Bankruptcy Court's discharge order pursuant to 11 U.S.C. § 524(a)(2). (FAC ¶ 82.) Fay moved to dismiss the claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Mot. at 3–4, 9–10.)

    **a.    Subject matter jurisdiction**

District courts "have original but not exclusive jurisdiction over all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

11

District courts may refer bankruptcy cases to bankruptcy courts pursuant to 28 U.S.C. § 157(a). District courts may withdraw the reference from bankruptcy courts under 28 U.S.C. § 157(d).

Because Parente's claim for violations of the bankruptcy discharge injunction is a civil proceeding "arising under title 11, or arising in or related to cases under title 11," this Court has original jurisdiction over the claim. On October 7, 2019, Parente moved to withdraw Reference to Bankruptcy Court with respect to the bankruptcy discharge injunction claim. (Mot. to Withdraw Reference to Bankr. Ct. (Dkt. No. 21).) On October 11, 2019, this Court granted Parente's Motion to Withdraw Reference to Bankruptcy Court. (Dkt. No. 27.) Therefore, this Court has subject matter jurisdiction over Parente's bankruptcy discharge injunction claim. We deny Fay's motion to dismiss for lack of jurisdiction.

  **b.**  **Failure to state a claim**

A discharge order "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset" a discharged debt. 11 U.S.C. § 524(a)(2). Section 105 authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. When a party violates a bankruptcy court's order and pursues a discharged debt, the court can hold that party in contempt. *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004). "[A] court may hold a creditor in civil contempt for violating a discharge order if there is *no fair ground of doubt* as to whether the order barred the creditor's conduct." *Taggart v. Lorenzen*, —U.S.—, 139 S. Ct. 1795, 1799 (2019). A "creditor's good faith belief" that the discharge injunction does not apply to the creditor's act does not by itself preclude a civil contempt sanction. *Id.* at 1802–03.

Here Parente states a plausible claim under § 524(a)(2). Parente alleges that Fay, despite knowing the discharged status of her mortgage, demanded payment through collection letters and phone calls. (FAC ¶¶ 80–82.) Parente also alleges that Fay's conduct was harassing, repetitive, willful, and wanton. (FAC ¶¶ 83–85.) Fay knew the discharged status of the mortgage, as Fay indicated on its collection letters that "[o]ur records show that either you are a debtor in bankruptcy or you discharged personal liability for the mortgage in bankruptcy." (Mot. Exhibit A.) Even if the letters' bankruptcy disclaimer were effective, Fay did not assert that it communicated similar bankruptcy disclaimers during its phone calls with Parente. Accepting Plaintiff's allegations as true and drawing all reasonable inferences in plaintiff's favor, there is no fair ground of doubt that Fay understood the effect of the Bankruptcy Court's discharge order and continued to attempt collection on Parente's discharged mortgage.

Nevertheless, Fay argues the safe harbor provision for secured interests immunizes its collection efforts from contempt. 11 U.S.C. § 524(j). (Mot. at 10.) Section 524(j) of the Bankruptcy Code is an exception to the ordinary contempt rules and allows creditors to take action if: (1) the creditor "retains a security interest in real property that is the principal residence of the debtor;" (2) the act complained of "is in the ordinary course of business between the creditor and the debtor;" and (3) "such act is limited to seeking or obtaining periodic payments associated with a valid security interest in lieu of pursuant of in rem relief to enforce the lien." 11. U.S.C. § 524(j). *See, e.g., Best v. Nationstar Mortg. LLC*, 540 B.R. 1, 6 & 11 (B.A.P. 1st Cir. 2015) (holding that collection activity on a discharged mortgage is allowable as an alternative to foreclosure); *Carrington Mortg. Servs., LLC*, No. 3:13-CV-1349-J-34PDB, 2016 WL 4369424, at *4 (M.D. Fla. Aug. 16, 2016) (holding that a lienholder may seek and accept periodic payments pursuant to § 524(j) "without doing so in a false or misleading manner").

Section 524(j) extricates Fay's collection activities from a contempt citation. The mortgage that Fay is servicing was against Parente's residence. (FAC ¶ 9; Mot. at 10.) The lender has a valid security interest including which includes a right to receive periodic payments in lieu of foreclosure. (FAC ¶ 22; Mot. at 10.) Although Parente allegedly received "numerous" and "unwanted" calls, she did not provide facts, such as the estimated number, frequency, timing or content of the calls, to suggest that Fay's conduct was inconsistent with the ordinary course of business between a borrower and a loan servicer. Further, the collection letters informed Parente that Fay will cease sending the mortgage statement upon written request. As a result, Fay's conduct was "in the ordinary course of business between the creditor and the debtor" on a secured debt. Therefore, Fay's motion to dismiss is granted as to the bankruptcy discharge injunction count because its actions were wholly covered by § 524(j)'s safe harbor provision.

## CONCLUSION

For the reasons set forth above, Fay's motion to dismiss the First Amended Complaint for failure to state a claim is granted in part and denied in part. Fay's motion is denied as to Counts I and II. Fay's motion is granted as to Count III, and this claim is dismissed without prejudice. Fay's motion to dismiss for lack of subject matter jurisdiction is denied. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: March 12, 2020
Chicago, IL

14